**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

John DuQuin,

         Petitioner**,**

                  **Hon. Hugh B. Scott**
                   07CV31

        v.           **Decision**
                   **&**
                   **Order**

R. Cunningham, Superintendent,

         Respondent.

---

   The petitioner, Jon DuQuin ("DuQuin"), has filed an application to this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

   On November 7, 2003, DuQuin was charged in a two-count indictment with burglary in the second degree and grand larceny in the fourth degree. The charges were based upon allegations that, on May 3, 2003, DuQuin burglarized his brother's residence in Cheektowaga, New York and stole his credit card. On January 26, 2004, DuQuin pled guilty to one count of attempted burglary in the second degree. He was sentenced as a second felony offender to five years incarceration and five years post release supervision.

The record reflects that DuQuin is hearing impaired. The petitioner's application for habeas corpus relief is based upon his assertion that he was not provided a sign language interpreter on the following occasions

> 1. At the time of his arrest on September 20, 2003, he was denied a sign language interpreter and a phone call using a TTD phone machine (Ground One);
>
> 2. That he was denied a sign language interpreter when he was arraigned before the Cheektowaga Town Court Judge (Ground Two);
>
> 3. He was denied a sign language interpreter when meeting with his attorney on January 25, 2004 to discuss the plea offer (Ground Three); and
>
> 4. He was denied a sign language interpreter when meeting with his attorney on May 19, 2004 to discuss the his sentencing (Ground Four).

(Docket No. 1 at pages 5-6).

## DISCUSSION

**Exhaustion**

In the interests of comity and in keeping with the requirements of 28 U.S.C. § 2254(b), federal courts will not consider a constitutional challenge that has not first been "fairly presented" to the state courts. [1] See Ayala v. Speckard, 89 F. 3d 91 (2d Cir. 1996), citing Picard v Connor, 404 U.S. 27, 275, 92 S.Ct 509, 512, 30 L.Ed 2d 438 (1971); Daye v Attorney General of New York, 696 F. 2d 186, 191 (2d Cir. 1982) (en banc), cert denied, 464 U.S. 1048 (1984).

---

[1] Section 2254(b) provides the Court with discretion to *deny* (but not to grant) an application for a writ of habeas corpus on the merits notwithstanding the failure of the applicant to exhaust state court remedies.

A state prisoner seeking federal habeas corpus review of his conviction must first exhaust his available state court remedies with respect to issues raised in the federal habeas petition. Rose v Lundy, 455 U.S. 509 (1982) To meet this requirement, the petitioner must have raised the question in a state court challenge to his conviction and put the state appellate court on notice that a federal constitutional claim was at issue. *See* Grady v. Le Ferve, 846 F. 2d 862, 864 (2d Cir. 1988); Petrucelli v. Coombe, 735 F. 2d 684, 688-89 (2d Cir. 1984).

Respondent asserts that the petitioner has failed to exhaust his state court remedies with respect to at least two of the claims asserted in the petition. Regardless, this Court may consider the merits of the Petition notwithstanding the failure of the petitioner to exhaust. 28 U.S.C. § 2254(b).

**Standard of Review**

State court findings of "historical facts," and inferences drawn from those facts, are entitled to a presumption of correctness. Matusiak v. Kelly, 786 F. 2d 536, 543 (2d Cir.), cert. denied, 479 U.S. 805 (1986). (*See also* 28 U.S.C. § 2254(e)(1) which states that, "a determination of a factual issue made by a State court shall be presumed to be correct.") Where the State court has reviewed an issue on the merits, in order for a petitioner to prevail in a federal habeas corpus claim he must show that there was a violation of 28 U.S.C., § 2254(d). As amended by the Antiterrorism and Effective Death Penalty Act of 1996 [2] ("AEDPA"), § 2254(d) provides that a habeas corpus petition may not be granted with respect to any claim that was

---

[2] Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No.104-132, 110 Stat. 1214.

adjudicated on the merits in state court unless the state court's adjudication of that claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The habeas corpus petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. The presumption of correctness attaches to both by state and trial courts and by state appellate courts. Smith v. Sullivan, 1988 WL 156668 (W.D.N.Y 1998) (Larimer, C. J) Nevius v. Sumner, 852 F.2d 463, 469 (9th Cir. 1988), cert denied, 490 U.S. 1059 (1989).

As noted in Smith, "the new version of § 2254(d) has clearly raised the bar for habeas petitioners, placing on them the burden to show by clear and convincing evidence that the state court's decision was defective in some way" (Id. at 3). The statute "requires federal courts 'to give greater deference to the determinations made by state courts than they were required to do under the previous law.'" Ford v Ahitow, 104 F. 3d 926, 936 (7th Cir. 1997) (quoting Emerson v Gramley, 91 F.3d 898, 900 (7th Cir. 1996) cert. denied, 520 U.S. 1122, 117 S.Ct. 1260, 137 L.Ed.2d 339 (1997)); *see also* Houchin v Zavaras, 107 F. 3d 1465, 1470 (10th Cir. 1997) ("AEDPA increases the deference to be paid by the federal courts to the state court's factual findings and legal conclusion"). As stated by the Supreme Court:

> Sec. 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in

> state court ... . Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.
>
> Under the "unreasonable application" clause, a federal habeas court may grant a writ if the state identifies the correct governing legal principal from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000)

In order for the petitioner to prevail on claims already adjudicated on the merits, he must show that state courts have violated the federal standards set forth above.

**Procedural Default**

The petitioner did not raise any of the instant claims in his direct appeal.[3] In a collateral proceeding pursuant to New York State Criminal Procedure Law §440, the petitioner raised, *inter alia*, the fact that he was not provided with a sign language interpreter on the following occasions: at the time of his arrest on September 20, 2003; during his arraignment before the Cheektowaga Town Judge on September 21, 2003; on January 25, 2004 and May 19, 2004 visits by his attorney. With respect to DuQuin's claim regarding his arraignment, Supreme Court Judge Christopher Burns found that "sufficient facts appear in the record to have permitted the Appellate Division to review the contention" and that inasmuch as the petitioner "failed to raise that issue on direct appeal, this court is required to deny that claim." (May 31, 2006 State Court

---

[3] The sole issue raised in his direct appeal raised was that he was illegally sentenced as a second felony offender. See Brief for Appellant submitted to the Appellate Division, Fourth Department attached with exhibits to Docket No. 1)

Memorandum & Order (Christopher J. Burns, J.S.C.), at page 2). Thus, with respect to Ground Two, the state denied the claim based upon a procedural default. "The procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim." Gray v. Netherland, 518 U.S. 152, 162 (1996). "In the case of procedural default ... , we may reach the merits of the claim 'only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent.' " St. Helen v. Senkowski, 374 F.3d 181, 184 (2d Cir.2004) quoting Bousley v. United States, 523 U.S. 614, 622 (1998). The petitioner has failed to establish either cause and prejudice or actual innocence. Even if DuQuin had not procedurally defaulted with respect to this claim, as discussed below, habeas corpus relief would still be unwarranted.

**Constitutional Right to an Interpreter**

The United States Supreme Court has yet to recognize a constitutional right to a court-appointed interpreter. United States v. Johnson, 248 F.3d 655, 663 (7th Cir.2001). "Rather, the Supreme Court has stated that the decision of whether or not to appoint an interpreter 'is a matter largely resting in the discretion of the trial court.' Phillips v. Miller, 2000 WL 33650803, at *9 (S.D.N.Y. Dec. 3, 2000) (quoting Perovich v. United States, 205 U.S. 86, 91 (1907)). See also Hoke v. Miller, 2007 WL 2292992, at *5 (N.D.N.Y. 2007)(Although the Second Circuit has held that a non-English speaking defendant has a constitutional right to be provided with the services of an interpreter, Abdullah v. I.N.S., 184 F.3d 158, 164 (2d Cir.1999), no such determination has

been made in regards to the rights of a hearing impaired defendant).

It is undisputed that the petitioner was afforded a sign language interpreter at all post indictment proceedings.  (See May 1, 2006 Affidavit of Susan Ministero attached as one of the exhibits to Docket No. 1).

DuQuin fails to articulate any prejudice or disadvantage stemming from the failure to provide him a sign interpreter at the time of his arrest or during his arraignment.  With respect to his arrest, the State Court held that DuQuin "made no oral or written statements sought to be introduced by the prosecution had the matter gone to trial" and thus, the failure to provide an interpreter at that time did not violate DuQuin's constitutional rights.  (May 31, 2006 State Court Memorandum & Order (Christopher J. Burns, J.S.C.), at page 2).   The Court cannot conclude that this determination by the state court was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

Similarly, the petitioner has not demonstrated that he suffered any prejudice from the fact that he was not provided a sign language interpreter at the time of his arraignment.  The petitioner has not identified any incriminating statements made by him at that time.  The Supreme Court has *not* held that a defendant has an absolute right to an interpreter and that the failure to provide one at any stage of a criminal prosecution violates the constitutional rights of the defendant regardless of whether the lack of an interpreter actually prejudiced the defendant.  Thus, the petitioner is not entitled to habeas corpus relief based upon this claim.

The petitioner's last two claims assert that his counsel was ineffective because, on two occasions, he failed to bring a sign language interpreter with him for consultations with the

petitioner. The petitioner's claim of ineffective assistance must be analyzed according to the standards set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court stated that the test for an ineffective assistance claim in a habeas corpus case is whether the petitioner received "reasonably competent assistance." Strickland, 466 U.S. at 688. In deciding this question, the court must apply an objective standard of reasonableness under prevailing professional norms. Id. Generally, defense counsel are "strongly presumed to have rendered adequate assistance ..." Strickland, at 690. In addition, the petitioner must also show that there is a reasonable probability that, but for the deficiency, the outcome of the proceeding would have been different. Id at 694. The court determines the presence or absence of prejudice by considering the totality of the trial evidence. Strickland, at 695.

DuQuin had the assistance of a sign language interpreter at the state court plea hearing. The following colloquy took place:

| | |
|---|---|
| The Court: | Mr. DuQuin, are you in good physical and mental condition today? |
| The Interpreter: | Yeah, yes. |
| The Court: | Have you had enough time to talk with your attorney before deciding to enter this plea? |
| The Interpreter: | Yes. |
| The Court: | Has anyone, and I include the Court, the District Attorney, your lawyer, the police or anybody else threatened you, coerced you or influenced you in any way against your will to get you to pled guilty? |
| The Interpreter: | No. |
| The Court: | Are you satisfied with the services of your lawyer? |
| The Interpreter: | Yes. |
| The Court: | Are you entering this plea voluntarily? |

      The Interpreter:    Yes.

Transcript of January 26, 2004 Plea Colloquy at pages 3-5. DuQuin went on to state that he understood that he was waiving his right to a trial; that his plea was the same as a conviction; that he was waiving his right to appeal; that he was withdrawing any pre-trial motions; and that no sentencing promises had been made to him. Transcript of January 26, 2004 Plea Colloquy at pages 4-7. The petitioner was then told that his sentence would be between five and seven years plus a five-year period of post release supervision. Transcript of January 26, 2004 Plea Colloquy at pages 7-8.

      With respect to his claim of ineffective assistance of counsel, the state court held that:

> Defendant also alleges that counsel's hostile attitude during conferences at the Holding Center and counsel's failure to obtain an interpreter for those discussions caused him to plead guilty involuntarily and constitutes ineffective assistance of counsel. Those allegations are contradicted by the record, and the court finds that there is no reasonable possibility that they are true. During the plea proceeding, while assisted by a sign language interpreter, defendant confirmed that he was entering the plea voluntarily, and that neither his attorney nor anyone else had threatened, coerced or influenced him to plead guilty. Defendant also stated that he was satisfied with the counsel's services. Therefore, this [claim] is denied.

(May 31, 2006 State Court Memorandum & Order (Christopher J. Burns, J.S.C.), at page 2). Once again, the Court cannot conclude that this state court determination was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. The record reflects that the

petitioner's rights and the consequences of the plea were clearly presented to him at the plea hearing. He stated that he had an opportunity to fully discuss the matter with his counsel, and that he was entering the plea voluntarily. The handwritten notes submitted by the petitioner are not inconsistent with and do not refute his plea hearing testimony that he had discussed these issues adequately with counsel prior to entering the plea. (See Notes attached as part of exhibits to Docket No. 1). The petitioner has not established a basis upon which it could be concluded that he entered his plea involuntarily. Further, the petitioner has not demonstrated that the failure to have a sign language interpreter at these conferences with counsel had any effect upon his sentence (which was within the range explained to him at the plea hearing). The record in this matter does not support a finding that the petitioner was afforded ineffective assistance of counsel.

## CONCLUSION

Based on the above, the petition for habeas corpus relief is **DENIED** in its entirety.

### Certificate of Appealability

The Court also finds that no certificate of appealability should issue inasmuch as the petitioner has not made a substantial showing of the denial of a constitutional right. *See,* 28 U.S.C. § 2253(c)(2) (Providing, in relevant part, that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also* Miller-El v. Cockrell*,* 123 S.Ct. 1029, 1039-1042 (2003) ("Under the controlling standard, a

petitioner must show that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (citation and internal quotation marks omitted).

      So Ordered.

                                        /s/ Hugh B. Scott
                                        United States Magistrate Judge
                                        Western District of New York

Buffalo, New York
March 26, 2009